WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Blunt, et al., | No. CV-23-02215-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Town of Gilbert, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss (Doc. 5). Plaintiffs filed a response (Doc. 6) to which Defendants replied (Doc. 7). After considering the parties' arguments and relevant case law, the Court will grant Defendants' Motion.

**I.    BACKGROUND**

Plaintiff Brian Blunt served as a police officer in the Town of Gilbert (the "Town") for approximately twenty years. (Doc. 1-3 at 3–4 ¶¶ 7–14.) During that time, he held various positions of increasing authority. (*Id.*) In May 2021, the Town of Gilbert Police Department (the "Department") extended an offer of employment to Plaintiff Blunt for the position of Commander, which he accepted. (Doc. 5-2.) Upon his promotion, he signed an offer letter that specified that his employment would be "at-will." (*Id.*) The letter clarified that this meant "that both you and the Town will be free to separate the employment relationship at any time, with or without cause or notice." (*Id.*)

In March 2023, the Town conducted an employee engagement survey. (Doc. 1-3 at 4 ¶ 14.) (*Id.* ¶ 15.) In response to feedback on Plaintiff in this survey, the Department

retained an external human resources firm to investigate. (*Id.* ¶ 15.) In May 2023, Plaintiff Blunt's supervisor informed him that he would face an internal investigation resulting from allegations that Plaintiff Blunt made "inappropriate, unprofessional, offensive, hostile, and/or harassing statement and/or actions to Gilbert Police Department employees." (*Id.* ¶ 16.) Plaintiff agreed to an interview with the outside investigator, but the Town later cancelled that interview. (*Id.* at 4–5 ¶¶18–22.)

Based on results from the investigation, Plaintiff Blunt was terminated from his position on September 7, 2023. (*Id.* at 5 ¶ 23.) Plaintiff Blunt requested, but was not given, a copy of the internal investigation. (*Id.* ¶ 24.) Plaintiff Blunt also requested a pre-termination hearing, but his request was denied. (*Id.* ¶ 25.) In response, Plaintiff Blunt filed the instant lawsuit in Maricopa County Superior Court, alleging violation of his procedural and substantive due process rights under the Peace Officers' Bill of Rights ("POBOR"), violation of the POBOR itself, and a claim of unconstitutional and/or unlawful customs, policies, and failure to train. (*See generally* Doc. 1-3.) Plaintiff Blunt also seeks a writ of mandamus ordering the Town to rescind Plaintiff's termination and provide him with a pre-deprivation hearing. (*Id.* at 12 ¶ 85.) Defendants removed to federal court (Doc. 1) and filed this Motion (Doc. 5).

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This requirement is met if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted

unlawfully." *Id.* A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

**III. DISCUSSION**

The Complaint alleges four counts. (*See* Doc. 1-3.) The Court will discuss each in turn.[1]

**A. Count I: Procedural Due Process**

Count I alleges a 42 U.S.C. § 1983 claim for a violation of Plaintiff Blunt's procedural due process rights as they relate to POBOR. (Doc. 1-3 at 7–8 ¶¶ 43–54.)

---

[1] The second named Plaintiff, the Arizona Conference of Police and Sheriffs ("AZCOPS") is a labor organization of which Plaintiff Blunt is a member. Although the claims focus on actions allegedly taken against Plaintiff Blunt, the Court will refer to both individually and collectively as appropriate.

Plaintiff Blunt contends that he has a property interest in his continued employment through the POBOR. (Doc. 6 at 3–4.) Plaintiffs allege that Defendants did not comply with POBOR by not following specific procedures and affording Plaintiff certain protections against termination. (*Id.*)

Defendants primarily assert that the POBOR as amended in 2022 does not apply to Plaintiff. (Doc. 5 at 3.) This argument stems from the fact that as an at-will employee, Plaintiff was not entitled to any of the procedural due process protections contained in the POBOR. (*Id.*) Defendants assert that the presumption against retroactivity, along with the Contract Clauses of both the United States and Arizona Constitutions, prohibit the retroactive application of the amended POBOR to Plaintiff. (*Id.* at 5.) Plaintiffs counter that the POBOR clearly applies to Plaintiff Blunt's termination because at-will agreements violate the amended POBOR. (Doc. 6 at 6–7.) Plaintiffs further argue that the presumption against retroactivity and the Contracts Clause do not apply. (*Id.* at 7–13.) The Court agrees that the presumption against retroactivity applies.

To begin, the threshold issue is whether Plaintiff Blunt has a constitutionally protected property interest. *See Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008) ("To establish a due process violation, a plaintiff must show that he has a protected property interest under the Due Process Clause and that he was deprived of the property without receiving the process that he was constitutionally due."). A legitimate claim of entitlement arises where the property or liberty interest is created by state law, such as a statute that limits grounds for termination. *See id.*

Under Arizona law, a contract providing for a set term of employment creates a "property interest which cannot be extinguished without conforming to the dictates of procedural due process." *See* Ariz. Rev. Stat. § 23-1501 ("[t]he employment relationship is severable at the pleasure of either the employee or the employer unless . . . [there is] a written contract to the contrary"). "If employment is at-will, then the claimant has no property interest in the job." *Haglin v. City of Algona*, 42 F. App'x 55, 57 (9th Cir. 2002) (citing *Brady v. Gebbie*, 859 F.2d 1543, 1548 (9th Cir. 1988)); *see also Cleveland Bd. of*

*Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) ("Property interests are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.") (cleaned up).

Here, the POBOR is the state law at issue. Initially passed in 2014, the POBOR provides certain protections to certified peace officers in Arizona. A.R.S. § 38-1101 *et seq.* These protections are primarily procedural and include protection during an internal investigation, notice and opportunity to be heard before termination of employment, and an opportunity for a post-termination appeal. *Id.* In its original form, the statute provided as follows:

> A peace officers bill of rights is established. This article does not preempt agreements that *supplant, revise or otherwise deviate from* the provisions of this article, including written agreements between the employer and the law enforcement officer or the law enforcement officer's lawful representative association.

Ariz. Rev. Stat. § 38-1102 (2014) (emphasis added). In short, this language allowed law enforcement agencies and their employees to enter into employment agreements that supplanted, revised, or otherwise deviated from the terms of the POBOR without causing an issue. However, in 2022, the Legislature amended this portion of the statute to read:

> The peace officers bill of rights is established. This article outlines the *minimum rights* given to peace officers in this state. This article does not preempt agreements that *supplement or enhance* the provisions of this article, including written agreements between the employer and the law enforcement officer or the law enforcement officer's lawful representative association.

Ariz. Rev. Stat. § 38-1102 (2022) (emphasis added). This amendment became effective on September 24, 2022. This amended language explicitly set the floor of minimum rights that peace officers are granted in Arizona. It also removed the ability for law enforcement agencies and their employees to "supplant, revise, or otherwise deviate from" the statute. Instead, the statute now only allows them to "supplement or enhance" the terms of the POBOR. *Id.*

This amended language gives rise to the question of whether the new requirements apply *only prospectively* to new agreements, or instead *also* apply backward to existing agreements. Generally, "[u]nless a statute is expressly declared to be retroactive, it will not govern events that occurred before its effective date." *State v. Coconino County Superior Ct. (Mauro)*, 678 P.2d 1386, 1391 (Ariz. 1984). Therefore, absent a clear expression of retroactivity, a newly enacted law applies *only prospectively*. *State v. Fell*, 115 P.3d 594, 600 (Ariz. 2005). The Arizona Court of Appeals recently reaffirmed this principle, stating "[u]nder Arizona law, when the legislature enacts a statute, the default rule is that the statute, once effective, applies only prospectively. In other words, courts apply a 'canon of construction' that 'statutes are presumed to have a prospective and not a retroactive effect.'" *Krol v. Ariz. Indus. Comm'n*, 533 P.3d 557, 561–62 (Ariz. Ct. App. 2023) (quoting *Gietz v. Webster*, 50 P.2d 573, 576 (Ariz. 1935)).

The presumption is also not a new creation. The "presumption is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." *Id.* at 562 (cleaned up). Indeed, the Legislature has explicitly codified the presumption against retroactivity. *See* Ariz. Rev. Stat. § 1-244 ("No statute is retroactive unless expressly declared therein."). And notably, this presumption also finds support in federal law. *See Talaie v. Wells Fargo Bank, NA*, 808 F.3d 410, 411–12 (9th Cir. 2015) (noting that the United States Supreme Court has established a presumption against retroactive application of legislation that can only be overcome "where Congress expresses a clear and unambiguous intent to do so.").

As the Arizona Court of Appeals outlined in *Krol*, there are three exceptions to the presumption. First, the Legislature can expressly declare that a statute applies retroactively. *Krol*, 533 P.3d at 562. Second, the statute may be merely procedural and therefore not affect substantive rights or rights not yet vested. *Id.* And third, the presumption will not apply when the statute impacts a judicial, administrative, or other proceeding that has not yet occurred. *Id.*

The exceptions provide a natural starting point for analyzing the presumption's

application to the POBOR. First, there is nothing in either version of Ariz. Rev. Stat. § 38-1102 or its implementing legislation that expressly declares that the 2022 amendment should apply retroactively. Rather, the statute is silent as to retroactive application. This alone commands the Court to employ the presumption in this case. This is particularly true given the Legislature's directive that "[n]o statute is retroactive unless expressly declared therein." Ariz. Rev. Stat. § 1-244. As *Krol* instructs, "if the statutory language is unclear as to retroactivity, we use one—and just one—interpretative tool: we employ the presumption against retroactivity." 533 P.3d at 562. Here, the Legislature could have easily included language ensuring that the 2022 amendment—which admittedly significantly altered the statute's protections—would apply retroactively. But the Legislature did not do so. In the absence of *any* express declaration that the statute applies retroactively, the Court will not go beyond the plain text of the amendment to reach a different conclusion. The Court applies these clear principles and finds that the presumption against retroactivity applies.

The next two exceptions are also inapplicable. First, the statute is not merely procedural. Rather, as both parties discuss, the 2022 amendment directly impacts the substantive rights of peace officers employed in Arizona. Here, whether the 2022 amendment applies to Plaintiff Blunt directly impacts whether his at-will employment agreement remains valid, or if the amended protections of the POBOR apply. That goes to the heart of Plaintiff's substantive rights, and in turn, his § 1983 claim. Therefore, this exception does not apply.

The third exception is similarly inapplicable. Arizona typically allows for "statutory changes in procedures or remedies" to apply to proceedings already pending. *State Comp. Fund of Ariz. v. Fink*, 233 P.3d 1190, 1192 (Ariz. Ct. App. 2010). However, as discussed, this amendment goes beyond a mere procedural amendment. Accordingly, this exception does not apply.

Having disposed of the exceptions, the Court turns to the presumption's effect on the facts of this case. The timeline of events supports application of the original POBOR.

Plaintiff Blunt signed the at-will employment agreement in May 2021—well before the 2022 statutory amendment. This agreement was permissible under the original version of the statute. The at-will agreement is certainly at odds with the protections outlined in the POBOR, but it was an agreement that could "supplant, revise or otherwise deviate" from those protections. Ariz. Rev. Stat. § 38-1102 (2014). Put simply, at the time Plaintiff Blunt signed his employment agreement, the Town was legally permitted to offer an at-will employment agreement.

Plaintiffs argue that signing the agreement prior to the statute's enactment does not implicate the presumption. (Doc. 6 at 8.) Plaintiffs instead argue that the date of the injury, meaning when the statute was allegedly violated, is what matters. (*Id.*) Here, Plaintiffs contend that the improper investigation of Plaintiff Blunt, along with his termination and denial of appeal, all occurred after the 2022 amendment became effective. (*Id.*) However, this reading is simply not supported in any of the case law articulating the presumption. *See Krol*, 533 P.3d at 562–63; *Fell*, 115 P.3d at 600; *Gietz*, 50 P.2d at 576. Plaintiffs cite *Krol* for this proposition, but the *Krol* court stated that because the Legislature clearly provided when the amendment at issue applied, the application of the amendment *does not* hinge on the date of injury. 533 P.3d at 563. Here, the POBOR is silent as to any retroactive effect and also does not include any language about the date of an alleged injury. Therefore, given the explicit case law on the presumption and the Court's guidance on interpreting statutes, the presumption must apply.

Plaintiffs' other arguments against the presumption also fail. First, whether the offer letter mentions the POBOR is irrelevant. When an employee, such as a police officer, agrees to a term of at-will employment, they are by contract agreeing that the employer could terminate the employment relationship at any time—with or without cause. As discussed, this term was permitted under the applicable version of the POBOR at the time Plaintiff Blunt signed the letter. Moreover, no portion of the POBOR requires that its terms be listed in any employment documentation of a peace officer. Second, Plaintiffs note two exceptions to POBOR relating to probationary employees and officers employed by an

agency of the state. (Doc. 6 at 13–14.) However, Defendants never argued that either of these exceptions applied. Instead, Defendants' argument pertains to retroactivity and the potential exceptions concerning that doctrine. (Doc. 5 at 5–7.)

In short, the presumption against retroactivity squarely applies. The employment agreement stands as written, and Plaintiff Blunt was legally an at-will employee of the Town. In turn, Plaintiff Blunt did not have a constitutionally protected interest in his employment. *See Haglin*, 42 F. App'x. at 57. The 2022 amendment does not retroactively apply to the agreement or preempt the employment agreement between Plaintiff Blunt and the Town. Accordingly, because Plaintiff Blunt lacks a constitutionally protected interest in his employment, Count I will be dismissed with prejudice. Due to the Court's finding on the applicability of the presumption, the Court will not analyze the potential applicability of the Contract Clauses.

### B. Count II: Substantive Due Process

In Count II, Plaintiffs allege a § 1983 claim based on a denial on substantive due process. (Doc. 1-3 at 9–10 ¶¶ 64–71.) Plaintiffs allege that Defendants "recklessly permitted an internal investigation to occur" and in turn denied Plaintiff Blunt of his rights to meaningful process under the POBOR. (*Id.* at 10 ¶¶ 58–60.)

To prove a violation of substantive due process rights under the Fourteenth Amendment, Plaintiff must show that a state actor deprived Plaintiff of a protected interest in life, liberty, or property and that the state actor did so by behavior that "shocks the conscience." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998). Behavior that shocks the conscience is described as "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998).

As discussed above, Plaintiff Blunt has failed to show that he holds a constitutionally protected interest in his continued employment. *See also Haglin*, 42 F. App'x. at 57. For this reason, he fails the threshold inquiry. Accordingly, the Court will also dismiss Count II with prejudice.

### C. Count III: POBOR Claim

In Count III, Plaintiffs assert an independent state law claim for the alleged POBOR violation. (Doc. 1-3 at 9–10 ¶¶ 64–71.) However, the POBOR does not afford a general private right of action. *See Hinchey v. Horne*, No. CV13-00260-PHX-DGC, 2013 WL 4543994, at *12 (D. Ariz. Aug. 28, 2013) ("[The POBOR] does not appear to provide for a private right of action."). The only two circumstances in which the POBOR authorizes judicial review is (1) de novo review of termination when a law enforcement agency reverses the decision or recommendation of a hearing officer, administrative law judge, or appeals board; or (2) where there is no hearing officer, administrative law judge, or appeals board, to review the termination in the first instance. *Hernandez v. City of Phoenix*, 482 F. Supp. 3d 902, 920 (D. Ariz. 2020), *rev'd on other grounds*, 43 F.4th 966 (9th Cir. 2022); Ariz. Rev. Stat. § 38-1107(A)–(B).

Defendants argue that neither of these scenarios are present here. (Doc. 5 at 11.) Plaintiffs do not respond to this argument. (*See* Doc. 6.) Accordingly, the Court considers this issue waived. *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (cleaned up). Even if the Court were to consider this argument, Plaintiff Blunt was an at-will employee of the Town and not subject to the protections of the amended POBOR. For these reasons, the Court will also dismiss Count III with prejudice.

### D. Count IV: Unconstitutional and/or Unlawful Customs, Policies and Failure to Train

In Count IV, Plaintiffs allege that the Town and Defendant Williams failed to adequately train Defendant Soelberg "in the appropriate, lawful and constitutional policies, procedures and protocols for investigating, processing, handling and managing internal investigation under his control." (Doc. 1-3 at 10 ¶ 74.)

To properly allege failure to train under § 1983, a plaintiff must show (1) he was deprived of a constitutional right; (2) the municipality had a training policy that amounts

to deliberate indifference of the constitutional rights of the person trained is likely to come into contact with; and (3) the constitutional injury would have been avoided had the municipality properly trained the employee. *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Accordingly, "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id.* at 62 (cleaned up).

Here, Plaintiff cannot meet the first element of this claim. To begin, "failure to train" is not a standalone cause of action. The alleged failure to train must be tied to a specific constitutional harm or deprivation of rights. *See Flores v. City of Los Angeles*, 758 F.3d 1154, 1158–59 (9th Cir. 2014). In other words, failure to train is not a free-standing claim, but instead is inextricably linked to imposition of liability under § 1983. *Id.* As discussed above, Plaintiff has failed to establish a § 1983 violation. As the Town's at-will employee, Plaintiff Blunt did not have a constitutionally protected interest in his employment. For an at-will employee like Plaintiff Blunt, the Town was not required to provide the protections of the POBOR nor train its employees to implement these protections. Plaintiffs do not allege any other facts to show any other constitutional violations under these policies or customs. (Doc. 1-3 at 10–11 ¶¶ 72–78.)

Plaintiffs also assert these claims under state law. (Doc. 1-3 at 10.) To the extent this claim also involves a state law claim, it fails. Arizona law similarly does not recognize a stand-alone failure to train claim. To hold an employer for negligent hiring, retention, or supervision, the employee must have committed a tort. *Mulhern v. City of Scottsdale*, 799 P.2d 15, 18 (Ariz. Ct. App. 1990). In turn, if the tort against the employee fails, an employer cannot be negligent as a matter of law for that tort. *Kuehn v. Stanley*, 91 P.3d 346, 352 (Ariz. Ct. App. 2004). Here, Plaintiffs cannot show that Defendant Williams committed any constitutional violation—much less one stemming from the Town's failure to train him. Reading the Complaint broadly to include a "negligent investigation" claim

also fails under Arizona law. *See Archer v. Partners in Recovery LLC*, No. CV-18-01885-PHX-DWL, 2019 WL 3253175, at *3 (D. Ariz. July 19, 2019) (finding that there is no negligent investigation claim under Arizona law). In short, Plaintiffs' Complaint fails to provide allegations that meet any state law requirements. Accordingly, the Court will dismiss Count IV with prejudice.

### E. Writ of Mandamus

Plaintiffs also request a writ of mandamus ordering Defendants to rescind Plaintiff Blunt's termination and provide him with a pre-deprivation hearing and an appeal process. (Doc. 1-3 at 11–12 ¶¶ 79–87.) "Mandamus is an extraordinary remedy issued by a court to compel a public officer to perform an act which the law specifically imposes as a duty." *Sears v. Hull*, 961 P.2d 1013, 1016 (Ariz. 1998); Ariz. Rev. Stat. § 12-2021. A court cannot issue a writ of mandamus if the public officer is not specifically required by law to perform the act. *See id.*

Here, because Plaintiff Blunt was an at-will employee of the Town, he was not entitled to the POBOR's protections. Additionally, he did not have a constitutionally protected property interest in his continued employment. Therefore, the Town did not fail to perform any act that the law specifically imposes. The Court cannot, and will not, issue a writ of mandamus, and accordingly denies Plaintiffs' petition for mandamus relief.

### F. Duplicative Defendants

Additionally, Defendants request the Court dismiss the official capacity Defendants as redundant. (Doc. 5 at 15.) Plaintiffs have named Michael Soelberg in his official capacity as Chief of Police of the Gilbert Police Department along with Nathan Williams in his official capacity as the Human Resources Executive Director of the Town of Gilbert. (*See* Doc. 1-3.) Of course, the relevant local government entity—the Town—is also a named defendant. (*Id.*) Defendants argue that because of this, Soelberg and Williams are redundant defendants that must be dismissed. (Doc. 5 at 15.) Plaintiffs do not respond to this argument. (*See* Doc. 6.) Given the analysis above, the Court will dismiss all the claims. As a result, these Defendants, and in fact the entire case, will be dismissed.

IV. **LEAVE TO AMEND**

Federal Rule of Civil Procedure 15(a) requires that leave to amend be "freely give[n] when justice so requires." Leave to amend should not be denied unless "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986). Therefore, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (cleaned up). Given the Court's finding on the application of the presumption against retroactivity, Plaintiffs cannot show a constitutional injury. Allegation of additional facts regarding Plaintiff Blunt's investigation and termination will not change this circumstance. Accordingly, the Court will not permit Plaintiffs to amend the Complaint.

V. **CONCLUSION**

For the above reasons,

**IT IS HEREBY ORDERED** granting Defendants' Motion to Dismiss (Doc. 5). All Counts will be dismissed with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment consistent with this Order and terminate this case.

Dated this 28th day of May, 2024.

_____
Honorable Susan M. Brnovich
United States District Judge